## Raymond Concrete Pile Company, Appellee, v. Hartman Furniture & Carpet Company et al.

### On Appeal of Hartman Furniture & Carpet Company, Appellant.

### Gen. No. 19,289.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed June 29, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Raymond Concrete Pile Company against Hartman Furniture and Carpet Company, Augustus S. Peabody, Trustee, Falkenau Construction Company, Frederick A. Siebold and Henry Siebold to enforce a mechanic's lien for furnishing materials and performing work for concrete piling and footings required for the erection of a warehouse on the property of the defendant Furniture Company.   From a decree declar-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

ing a lien for $21,647.40, being the amount found due with interest, in favor of complainant and ordering certain cross-bills to be dismissed for want of equity, the Furniture Company appeals.

David K. Tone, for appellant.

William S. Elliott, for appellee.

Mr. Presiding Justice Brown delivered the opinion. of the court.

## Abstract of the Decision.

1. Building and construction contracts, § 47*—*when reasonable time allowed for extra work.* Where extra work not specified in a building contract is demanded and executed, a reasonable time, independently of the general time limit provided by the contract for the particularly specified work, is allowed to the contractor who has undertaken to do it in accordance with the other provisions of his contract.

2. Building and construction contracts, § 15*—*when contract does not call for extra work.* The recognition in a building contract of the possibility that extra work might be necessary, and the fixing of a price for it in that contingency, does not make the contract call for such extra work so that the time fixed for the completion of the contract applies to such work.

3. Mechanics' liens, § 203*—*when decree may allow interest.* A decree awarding a mechanic's lien may provide for interest on the whole amount found to be due, including the amount for extra work, where the price for the extra work was provided for in the contract and the whole amount was found to be due under the provisions of the written contract.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.